**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 12-4056**

─────────────

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

ADRIAN CHAVEZ,

                    Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   Terrence W. Boyle, District Judge.  (5:07-cr-00037-BO-1)

─────────────

Submitted:  October 10, 2012       Decided:  October 15, 2012

─────────────

Before WILKINSON, KING, and GREGORY, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Richard L. Cannon, III, CANNON LAW OFFICES, PLLC, Greenville, North Carolina, for Appellant.    Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Adrian Chavez appeals the district court's order revoking his term of supervised release and imposing a sentence of thirty-six months' imprisonment. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious issues for appeal, but questioning whether the district court erred in imposing the maximum sentence and whether the district court provided Chavez sufficient notice regarding the upward departure from the Guidelines range. Chavez was given the opportunity file a pro se supplemental brief, but has not done so. The Government declined to file a response brief. We affirm.

A district court has broad discretion to impose a sentence revoking a defendant's supervised release. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). We will affirm a sentence imposed after revocation of supervised release if it is within the statutory maximum and is not "plainly unreasonable." United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). In making this determination, we first consider whether the sentence imposed is procedurally and substantively unreasonable. Id. at 438. A supervised release revocation sentence is procedurally reasonable if the district court has considered the advisory policy statement range and the 18 U.S.C. § 3553(a) (2006) factors applicable to supervised

2

release revocation.  Id. at 438-40.  "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed."  Thompson, 595 F.3d at 547 (internal quotation marks omitted).  A sentence is substantively reasonable if the district court stated a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum.  Crudup, 461 F.3d at 440.  Only if a sentence is found procedurally or substantively unreasonable will we "then decide whether the sentence is plainly unreasonable."  Id. at 439.

After review of the record, we conclude that the revocation sentence is both procedurally and substantively reasonable.  The thirty-six-month sentence does not exceed the applicable statutory maximum.  The district court sufficiently explained its rationale for imposing the statutory maximum sentence, emphasizing the dangerous nature of the weapon found in Chavez's possession, the severe danger posed by Chavez to the community, and the fact that Chavez's prior sentence had no deterrent affect on his criminal conduct.  In addition, the district court was not required to provide Chavez advance notice of its consideration of a sentence above the Guidelines range, as Fed. R. Crim. P. 32.1, which governs revocation of supervised

release, does not require advance notice of a potential sentence in excess of the Guidelines range.

In accordance with <u>Anders</u>, we have reviewed the entire record for meritorious issues and have found none.  We therefore affirm the district court's judgment.  This court requires that counsel inform Chavez, in writing, of his right to petition the Supreme Court of the United States for further review.  If Chavez requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Chavez.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>